**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Sharon D. Milhouse,<br><br>Plaintiff,<br><br>vs.<br><br>BMW Manufacturing Co. LLC, Surge Staffing, Sandpiper Hospitality *d/b/a Woodspring Suites*, Yanfeng Automotive Interiors, Chase Staffing, Residence Inn by Marriott,<br><br>Defendants. | ) | Civil Action No. 6:26-cv-00397-TMC<br><br>**ORDER** |

**Background**

Plaintiff Sharon D. Milhouse, proceeding *pro se* and *in forma pauperis*, initially brought this employment discrimination action against Defendant "BMW Zentrum." (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), (g) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. The magistrate judge issued an order advising Plaintiff that the complaint was deficient in multiple respects—including the failure to allege facts sufficient state a claim for discrimination based on race, color, sex, religion, age, or disability—and warned her that if she failed to amend the complaint and cure the specified deficiencies, the action would be subject to summary dismissal. (ECF No. 11).

Plaintiff thereafter filed an amended complaint asserting new discrimination claims against several additional unrelated Defendants not named in the original complaint--Surge Staffing ("Surge"); Sandpiper Hospitality d/b/a Woodspring Suites ("Woodspring"); Yanfeng Automotive

Interiors ("Yanfeng"); and Chase Staffing ("Chase"). (ECF No. 13). Plaintiff sought money damages "jointly and severally" against such Defendants. *Id*. at 7. After reviewing the amended complaint pursuant to 28 U.S.C. § 1915, the magistrate judge again issued an Order noting that the action remained "subject to summary dismissal." (ECF No. 17 at 1). Nonetheless, the magistrate judge indicated Plaintiff would be afforded "one final opportunity to file a second amended complaint to cure the deficiencies identified herein." (ECF No. 17 at 1). Plaintiff was advised that the failure to file a second amended complaint curing the noted deficiencies would subject this case to dismissal. In highlighting the deficiencies in the amended complaint, the magistrate judge first explained that Plaintiff was trying "to improperly join together certain Defendants and claims that are unrelated" as Plaintiff's amended complaint "asserts claims arising from multiple, unrelated incidents involving different Defendants over the course of a year. The unrelated claims and Defendants should be dismissed or severed under [Fed. R. Civ. P.] 20 for misjoinder." *Id*. at 7–9. The magistrate judge instructed that "[i]f Plaintiff files a Second Amended Complaint, she should *only include those claims and Defendants that are truly related to one another* and may be properly joined under Rule 20. To the extent Plaintiff wishes to assert discrete claims against different Defendants arising from separate incidents, she should file a separate complaint in a new action." *Id*. at 9 (emphasis added). Alternatively, the magistrate judge found that, like the original complaint, the amended complaint failed to allege facts sufficient to state a claim for discrimination based on race, color, sex, religion, age, or disability. *Id*. at 11–15.

Subsequently, Plaintiff filed a second amended complaint listing *the same Defendants* named in the first amended complaint and even adding one additional Defendant—Residence Inn

by Marriott, originally identified as Inn Town Suites.[1] (ECF No. 19). Plaintiff alleges that she worked in "quality control" for BMW Zentrum and Yanfeng and that she served in housekeeping, maintenance and security roles for Woodspring Suites and Residence Inn. *Id*. at 4. Plaintiff claims that "[a]cross all six employers, [she] was subjected to a continuous pattern of discrimination," *id*., including hostile work environments and retaliation, because of her age, religion, sex and her disability.

**Report**

The magistrate judge reviewed the second amended complaint pursuant to 28 U.S.C. § 1915 and issued the Report and Recommendation ("Report') currently before the court. (ECF No. 27). In the Report, the magistrate judge concluded that Plaintiff's second amended complaint still purported to join together defendants and claims that are unrelated, noting that "[t]he claims in Plaintiff's Amended Complaint arise from multiple, unrelated incidents involving different Defendants over the course of a year." *Id*. at 8. The magistrate judge determined that because "Plaintiff's claims present certain discrete events against different companies at different times," the "claims in the Amended Complaint exceed the limits of joinder under Rule 20." *Id*. at 10. The Report rejected Plaintiff's attempts to characterize the alleged incidents of discrimination as part of a "continuous pattern of discrimination" because "Plaintiff only baldly alleges that [Defendant] Surge 'acted as a joint employer' with [Defendant] BMW and [Defendant] Residence Inn, without any factual connection to each other or the other Defendants." *Id*. The magistrate judge further observed that "[m]any of the allegations are presented collectively against all Defendants and

---

[1] After filing the second amended complaint, Plaintiff filed a notice purporting to replace Defendant Inn Town Suites with Defendant Residence Inn by Marriott. (ECF No. 21). The magistrate judge construed the notice as a motion to correct a Defendant's name and granted it. (ECF No. 26).

regarding activity at every workplace. It is unclear to the Court how the claims and Defendants could be appropriately severed." *Id.* Because Plaintiff had specifically been warned against this practice by a prior court order, *see* ECF No. 17, the magistrate judge determined that this action should be dismissed under Rule 41(b) because "Plaintiff has not followed the Court's Orders regarding these unrelated claims and Defendants" and has failed to correct the misjoinder of parties and claims. (ECF No. 27 at 11).

Alternatively, the magistrate judge concluded that additional grounds exist for dismissing Plaintiff's claims as Plaintiff has "fail[ed] to state a claim for discrimination based on race, color, sex, religion, age, disability, or any other reason." *Id.* The magistrate judge found that Plaintiff's allegations were conclusory in nature and insufficient to state a claim under Title VII, the Age Discrimination in Employment Act, or the Americans with Disabilities Act. *Id.* at 11–16.[2] Accordingly, the magistrate judge recommended that the court dismiss this action under Rule 41(b) without prejudice for failure to follow court orders or, alternatively, for failure to state a claim. *Id.* at 16.

Plaintiff filed objections to the Report in a timely manner. (ECF No. 32). Accordingly, the matter is ripe for review.

**Standard of Review**

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 27), concluding Stockton's amended complaint fails to state a claim upon which relief may be granted and that, to the extent Stockton is attempting to raise a speedy trial claim relating to state proceedings that are still pending, the court should abstain from considering the issue. *Id.*

---

[2] In reaching this conclusion, the magistrate judge, in an abundance of caution, considered the allegations contained in all of Plaintiff's pleadings rather than only the allegations contained in the second amended complaint. (ECF No. 27 at 3).

at 5–7. Accordingly, the magistrate judge recommended that this court dismiss this action under 28 U.S.C. § 1915(e) and § 1915A without prejudice and without leave for further amendment, as amendment would be futile. *Id*. at 7.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**Discussion**

In her objections, Plaintiff focuses solely on the magistrate judge's alternative recommendation that the court should dismiss this action for Plaintiff's failure to state a claim. (ECF No. 32). Plaintiff, however, does not contest, dispute, object to, or in any way address the magistrate judge's recommendation that because Plaintiff failed to correct the joinder deficiencies as ordered by the court, this action ought to be dismissed under Rule 41. The court has, out of an abundance of caution, conducted a *de novo* review of this portion of the Report even though Plaintiff does not object to it. The court agrees with the conclusions, analysis and recommendations of the magistrate judge and finds no reason to deviate from the Report.

**Conclusion**

Accordingly, as set forth above, the court, having conducted a *de novo* review, adopts the Report (ECF 27) and incorporates it herein. This action is **DISMISSED** without prejudice pursuant to Rule 41 for failure to comply with court orders.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Senior United States District Judge

November 5, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.